386 A.2d 605

Kurt ZUHLKE, Appellant,

v.

STRUCTURAL FOAM, INC., Defendant,

and

Carl W. Shindle, Additional Defendant.

Superior Court of Pennsylvania.

Submitted Dec. 13, 1977.

Decided May 23, 1978.

David A. Martino, Bangor, for appellant.

Louis Sager, Pottstown, for defendant, Structural Foam, Inc.

Domenic P. Sbrocchi, Bangor, for additional defendant, Carl W. Shindle.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

This is an appeal by the plaintiff in an action of assumpsit and trespass from a judgment entered in favor of the defendants on their counterclaims.

The action was filed in 1972 to recover damages which plaintiff-appellant alleged he suffered from defective material and labor supplied by defendants in the construction of a home. The materials included a special product known as styrofoam, reinforced with concrete, offered for sale by the corporate defendant and installed by Shindle the individual defendant. Exhibit A attached to plaintiff's amended complaint, and referred to therein as the contract between the parties (plaintiff and Structural Foam, Inc.) is not for the construction of a home, but is an itemized list of materials to be supplied. Shindle is not named therein, which raised the question whether he was merely an agent of Structural or an independent contractor. However, he was named as additional defendant in the amended complaint.

Exhibit A contains two lists of material, one totaling $4,862.51, and another one $2,409.10 or a total of $7,271.61 plus a 5% selling commission of $363.85 or a grand total of

$7,635.42. Plaintiff's amended complaint alleged a payment on account of $1,800.00 which is admitted.

Both defendants filed answers containing counterclaims. Structural claimed $5,835.42 as the balance due ($7,635.42 less $1,800.00), and Shindle claimed $1,600.00 for services or a total of $7,435.42.

The lower court found against plaintiff and in favor of defendants on the following findings: viz.

"(1) Plaintiff, Kurt Zuhlke, and defendant, Structural Foam, Inc., (SFI) entered a contract for the construction of a home (including material and labor to cost $7,936.70.)

(2) Plaintiff paid $1,800.00 as a down payment.

(3) A balance remains owing from Plaintiff to Defendant (SFI) of $6,250.70. This includes the total cost minus down payment ($6,136.70) plus several missing items (backups and ladders) totaling $114.00.

(4) The aforesaid contract contemplated that defendant (SFI) would supply materials, and either directly or through a contractor construct the house.

(5) Additional defendant, Carl W. Shindle, acted as defendant's—SFI's agent in the construction of the house in question. The aforesaid mentioned contract contemplated payment to additional defendant, Carl W. Shindle by defendant—SFI for the reasonable value of defendant—Carl W. Shindle's labor.

(6) Additional defendant—Carl W. Shindle's labor was worth $1,600.00."

The verdict was entered "in favor of defendant—Structural Foam Inc., against plaintiff—Kurt Zuhlke in the amount of $6,250.70, $1,600.00 of which is to be paid over to the additional defendant—Carl W. Shindle, costs to follow the verdict."

Appellant Zuhlke complains (1) that the lower court erred in finding the contract price to have been $7,936.70 whereas it was admitted and agreed to have been $7,271.61. (2) The weight of the evidence was in plaintiffs favor and dictated a verdict for him. (3) There is no evidence to support the

finding that there is an additional indebtedness of $114.00 owing by plaintiff for missing backups and ladders.

■ Based on the lower court findings and the evidence, there is no merit in appellant's first two contentions. There is sufficient evidence to support the finding that the total contract for material and labor was $7,936.70,[1] although Shindle claimed $1,600.00 for his service which amount was allowed against Structural and not appellants.

■ However, there is no claim in the pleadings for any additions or extras such as backups and necessary ladders valued at $114.00. The counterclaim in the amount of $5,835.42 is for materials. This is reflected in Exhibit A by the balance due $7,635.42 minus the admitted payment of $1,800.00. There is no justification for allowing the extra $114.00, which should be deducted from the verdict.

The verdict is reduced by $114.00 and as reduced is affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

---

1. Exhibit A showed the total cost of materials to have been $7,271.61 excluding the 5% selling commission of $363.81. Adding $700.00 to the amount for labor brings the total to $7,971.01 not $7,936.70 as found by the Court. However, this discrepancy and the disallowance of the selling commission is for the benefit of appellant.